# STATE OF MICHIGAN

# COURT OF APPEALS

THEATER GROUP 3, LLC, and THEATER
GROUP IV, INC.,

Plaintiffs-Appellees,

v

SECURA INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
November 13, 2014

No. 317393
Wayne Circuit Court
LC No. 10-014862-CK

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

WILDER, J. (*concurring*).

For the reasons articulated in the lead opinion, I agree that the arbitrator did not exceed her authority and that the trial court did not err when it refused to partially vacate the arbitrator's opinion and award. I join that aspect of the lead opinion in full. However, for the reasons articulated below, I would not address the question whether the trial court erred in its ruling, before the matter was arbitrated, which denied defendant's motion for summary disposition.

Following the trial court's denial of defendant's motion for summary disposition, the trial court did not *sua sponte* order that this case would be submitted to binding arbitration. Rather, the trial court's order to binding arbitration was the result of the parties' stipulation that the matter should be submitted to binding arbitration. As represented at oral argument, this stipulation resulted from the parties' attempt to avoid the delays in moving the case forward, which were likely to occur due to a change in trial judge. Given the parties' stipulation, the trial court ordered arbitration pursuant to MCL 691.1686(1), which provides in relevant part that "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is *valid, enforceable, and irrevocable* except on a ground that exists at law or in equity for the revocation of a contract." (Emphasis added.) MCL 691.1686(1) cannot be waived. MCL 691.1684(2)(a). Thus, a post-arbitration challenge to a previous ruling by the trial court is not permitted, because such a ruling renders the submission to arbitration revocable in violation of MCL 691.1686(1).

For the above-stated reasons, I would also affirm.

/s/ Kurtis T. Wilder

-1-